Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd., Suite 133
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Natalie Gardner**, an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**LaRue Performance, LLC**, an Arizona company; **Soul Surgery, LLC**, an Arizona company **Andrew LaRue,** an Arizona resident, **Jessica LaRue,** an Arizona resident; **Matthew LaRue,** an Arizona resident; **John Mulligan,** an Arizona resident and **Ricardo Carvajal,** an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Natalie Gardner ("**Plaintiff**"), for her Verified Complaint against Defendants LaRue Performance, LLC; Soul Surgery, LLC; Andrew LaRue; Jessica LaRue; Matthew LaRue; John Mulligan; and Ricardo Carvajal (**"Defendants"**), hereby alleges as follows:

**NATURE OF THE CASE**

1.  Plaintiff brings this action against Defendants for their unlawful failure to

pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**" or "**AMWS**"); and failure to make timely payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-350 – 23-355 ("**Arizona Wage Statute**" or "**AWS**").

2. This action is also brought to recover overtime and minimum wage compensation, liquidated or double damages, treble damages, and statutory penalties resulting from Defendants' violations of the FLSA and AMWS.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiff was employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

8. Plaintiff was a full-time employee of Defendants from on or around February 15, 2021, until on or around August 6, 2021 ("**all relevant times**").

9. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

10. At all relevant times to the matters alleged herein, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

11. At all relevant times, Plaintiff was an employee Defendant LaRue Performance, LLC as defined by A.R.S. § 23-350(2).

12. Defendant LaRue Performance, LLC is a company authorized to do business in Arizona.

13. At all relevant times to the matters alleged herein, Defendant LaRue Performance, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

14. At all relevant times to the matters alleged herein, Defendant LaRue Performance, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

15. Defendant LaRue Performance, LLC was Plaintiff's employer as defined by A.R.S. § 23-350(3).

16. Defendant Soul Surgery, LLC is a company authorized to do business in Arizona.

17. At all relevant times to the matters alleged herein, Defendant Soul Surgery, LLC was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. At all relevant times to the matters alleged herein, Defendant Soul Surgery, LLC was Plaintiff's employer as defined by A.R.S. § 23-362(B).

19. Defendant Andrew LaRue is an Arizona resident.

20. Defendant Andrew LaRue has directly caused events to take place giving rise to this action.

21. Defendant Andrew LaRue is an owner of LaRue Performance, LLC.

22. Defendant Andrew LaRue is a manager of LaRue Performance, LLC.

23. Defendant Andrew LaRue is an employer of LaRue Performance, LLC.

24. Defendant Andrew LaRue has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

25. Defendant Andrew LaRue has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

26. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Andrew LaRue is an employer.

27. Defendant Andrew LaRue had the authority to hire and fire employees.

28. Defendant Andrew LaRue had the authority to hire and fire Plaintiff.

29. Defendant Andrew LaRue interviewed and hired Plaintiff.

30. Defendant Andrew LaRue supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

31. Defendant Andrew LaRue would text Plaintiff to find out where she was located and Plaintiff needed to text him when she would leave.

32. Defendant Andrew LaRue determined the rate and method of Plaintiff's payment of wages.

33. Defendant Andrew LaRue signed paperwork approving the original compensation offered to Plaintiff.

34. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Andrew LaRue is subject to individual and personal liability under the FLSA.

35. Defendant Jessica LaRue is an Arizona resident.

36. Defendant Jessica LaRue has directly caused events to take place giving rise to this action.

37. Defendant Jessica LaRue is an employer of LaRue Performance, LLC.

38. Defendant Jessica LaRue has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

39. Defendant Jessica LaRue has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

40. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Jessica LaRue is an employer.

41. Defendant Jessica LaRue had the authority to hire and fire employees.

42. Defendant Jessica LaRue had the authority to hire and fire Plaintiff.

43. Defendant Jessica LaRue interviewed and hired Plaintiff.

44. Defendant Jessica LaRue determined the rate and method of Plaintiff's payment of wages.

45. Defendant Jessica LaRue handled the company's bookkeeping and made sure checks were signed by the correct person.

46. As a person who acted in the interest of the previously identified corporate entities in relation to the company's employees, Defendant Jessica LaRue is subject to individual and personal liability under the FLSA.

47. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Andrew LaRue and Defendant Jessica LaRue were legally married.

48. Defendant Andrew LaRue and Defendant Jessica LaRue have caused events

to take place giving rise to this action as to which their marital community is fully liable.

49. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

50. Defendant Matthew LaRue is an Arizona resident.

51. Defendant Matthew LaRue has directly caused events to take place giving rise to this action.

52. Defendant Matthew LaRue is an owner of LaRue Performance, LLC.

53. Defendant Matthew LaRue is a manager of LaRue Performance, LLC.

54. Defendant Matthew LaRue is an employer of LaRue Performance, LLC.

55. Defendant Matthew LaRue has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

56. Defendant Matthew LaRue has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

57. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Matthew LaRue is an employer.

58. Defendant Matthew LaRue had the authority to hire and fire employees.

59. Defendant Matthew LaRue had the authority to hire and fire Plaintiff.

60. Defendant Matthew LaRue interviewed and hired Plaintiff.

61. Defendant Matthew LaRue supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

62. Defendant Matthew LaRue would text Plaintiff to find out where she was located and Plaintiff needed to text him when she would leave.

63. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Matthew LaRue is subject to individual and personal liability under the FLSA.

64. Defendant John Mulligan is an Arizona resident.

65. Defendant John Mulligan has directly caused events to take place giving rise to this action.

66. Defendant John Mulligan is an owner of LaRue Performance, LLC.

67. Defendant John Mulligan is a manager of LaRue Performance, LLC.

68. Defendant John Mulligan is an employer of LaRue Performance, LLC.

69. Defendant John Mulligan is an owner of Soul Surgery, LLC.

70. Defendant John Mulligan is a manager of Soul Surgery, LLC.

71. Defendant John Mulligan is an employer of Soul Surgery, LLC.

72. Defendant John Mulligan has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

73. Defendant John Mulligan has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

74. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant John Mulligan is an employer.

75. Defendant John Mulligan had the authority to hire and fire employees.

76. Defendant John Mulligan had the authority to hire and fire Plaintiff.

77. Defendant John Mulligan interviewed and hired Plaintiff.

78. Defendant John Mulligan supervised and controlled Plaintiff's work

schedules or the conditions of Plaintiff's employment.

79. Defendant John Mulligan instructed Plaintiff to meet him at Soul Surgery, LLC for a meeting regarding her start time.

80. Defendant John Mulligan determined the rate and method of Plaintiff's payment of wages.

81. Defendant John Mulligan was contacted by Plaintiff about her missing wages.

82. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant John Mulligan is subject to individual and personal liability under the FLSA

83. Defendant Ricardo Carvajal is an Arizona resident.

84. Defendant Ricardo Carvajal has directly caused events to take place giving rise to this action.

85. Defendant Ricardo Carvajal is an employer of LaRue Performance, LLC.

86. Defendant Ricardo Carvajal is an employer of Soul Surgery, LLC.

87. Defendant Ricardo Carvajal has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

88. Defendant Ricardo Carvajal has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

89. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Ricardo Carvajal is an employer.

90. Defendant Ricardo Carvajal supervised and controlled Plaintiff's work

schedules or the conditions of Plaintiff's employment.

91. Defendant Ricardo Carvajal emailed Plaintiff and asked her to return company property.

92. On August 10, 2021, Defendant Ricardo Carvajal sent Plaintiff an email that stated, "Natalie, You can pick up a copy of the documents you are requesting anytime during business hours (9 am to 4 pm), but please make sure you let us know in advance what time you are coming by, so we make [sure] either Mike or myself are not in a meeting or in a visit to any of our other campuses.  Additionally, it is our understanding that you are in possession of a company computer that you removed from the LaRue premises without permission.  Please make sure you bring the computer to us when you come pick up personally the documents you are requesting.  Our IT department needs it urgently for an update and installation of company software in that computer.  Let me know when you can come by.  Thanks, Ricardo Carvajal, Soul Surgery, 14362 N Frank Lloyd Wright Blvd. Ste, B111 Scottsdale, AZ 85260…"

93. Defendant Ricardo Carvajal determined the rate and method of Plaintiff's payment of wages.

94. Defendant Ricardo Carvajal signed some of the checks Plaintiff received.

95. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Ricardo Carvajal is subject to individual and personal liability under the FLSA

96. Plaintiff further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

97. Defendants, and each of them, are sued in both their individual and corporate capacities.

98. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

99. At all relevant times, Defendants were horizontal joint employers of Plaintiff.

100. At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiff; and (2) Defendants were under common control.

101. During the relevant time period, Plaintiff worked at LaRue Performance, LLC.

102. During the relevant time period, Soul Surgery, LLC and its agents and employers had control over Plaintiff.

103. During the relevant time period, Plaintiff reported to members of LaRue Performance, LLC and Soul Surgery, LLC like John Mulligan and Ricardo Carvajal.

104. LaRue Performance, LLC and Soul Surgery, LLC are all under common control of Defendant John Mulligan.

105. At all relevant times, Defendants were joint employers under the FLSA and 29 C.F.R. § 791.2(b), and employed Plaintiff.

106. In addition, at all relevant times, Defendants were vertical joint employers of Plaintiff, as defined by *Torres-Lopez v. May*, 111 F.3d 633, 640 (9th Cir. 1997).

107. LaRue Performance, LLC and Soul Surgery, LLC have common ownership.

108. Defendant John Mulligan is an owner for both entities.

109. LaRue Performance, LLC and Soul Surgery, LLC have common management.

110. Defendants John Mulligan and Ricardo Carvajal are common managers for both entities.

111. LaRue Performance, LLC and Soul Surgery, LLC have common employment policies.

112. Soul Surgery, LLC is used for HR polices and accounting for LaRue Performance, LLC.

113. Plaintiff would have to contact Soul Surgery, LLC when she requested copies of her tax documentation.

114. LaRue Performance, LLC and Soul Surgery, LLC have common employees.

115. Plaintiff was a common employee that worked for both entities.

116. Defendant Ricardo Carvajal was an employee that worked for both entities.

117. Michael Goldenberg was an employee that worked for both entities.

118. Plaintiff has a good faith reasonable belief that in her work for LaRue Performance, LLC, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

119. Plaintiff has a good faith reasonable belief that in her work for Soul Surgery, LLC, she was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

120. Plaintiff has a good faith reasonable belief that in her work for all Defendants, she was employed by an enterprise engaged in commerce that had combined annual gross sales of at least $500,000 in 2021.

121. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

122. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

123. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

124. Plaintiff would regularly use the Internet and telephone for communication at work.

125. Under the FLSA, Plaintiff is a covered employee under individual coverage.

126. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## FACTUAL ALLEGATIONS

127. LaRue Performance, LLC is a motorsports store.

128. On or around February 15, 2021, Plaintiff Natalie Gardner commenced employment with Defendants as a media producer.

129. Plaintiff's primary job duties included filming and photographing products at the shop for marketing material.

130. From on or around February 15, 2021, until on or around late June 2021, Plaintiff was paid $22.50 an hour, with a salary of $1,800 biweekly.

131. Beginning in late June 2021, Plaintiff's salary was unilaterally changed to $18.00 an hour, with a salary of $895 biweekly without her consent.

132. Plaintiff was a non-exempt employee.

133. Plaintiff was paid a set amount per day, no matter how many hours she worked.

134. Plaintiff is also owed her final paycheck in the amount of $895.

135. Therefore, because she received $0.00 for her last paycheck for hours

worked, an FLSA, AMWS, and AWS violation has occurred.

136. Plaintiff was misclassified as an independent contractor.

137. Plaintiff did not have an opportunity for profit or loss based on her work for Defendants.

138. Plaintiff did not invest in equipment or materials in her work for Defendants.

139. Plaintiff did not employ any helpers in her work for Defendants.

140. Plaintiff's work for Defendants did not require a special skill.

141. Defendants failed to properly compensate Plaintiff for all her overtime and regular hours.

142. Plaintiff worked in excess of 40 hours per week.

143. Plaintiff was not provided with the required one and one-half times pay premium as required by the FLSA for all her worked overtime hours.

144. For example, Plaintiff estimates that during the workweek of July 5, 2021, she worked approximately 50 hours.

145. During the relevant time period, Plaintiff did not receive any overtime wages.

146. Defendants were aware that Plaintiff's working hours exceeded 40 hours.

147. Defendants required her to work overtime as a condition of her employment.

148. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due on her next paycheck.

149. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

150. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining her employee rights under the FLSA pursuant to 29 C.F.R. §

516.4.

151. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I
## (FAILURE TO PAY MINIMUM WAGE – FLSA – 29 U.S.C. § 206)

152. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

153. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

154. Plaintiff was an employee entitled to the statutorily mandated minimum wage.

155. Defendants have intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the FLSA.

156. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 206.

157. In addition to the amount of unpaid minimum wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

158. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

159. Defendants knew Plaintiff was not being compensated full minimum wages for time worked.

160. Defendants knew their failure to pay minimum wage was a violation of the FLSA.

161. Defendants have not made a good faith effort to comply with the FLSA.

162. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

163. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

164. At all relevant times, Plaintiff was employed by Defendants within the meaning of the FLSA.

165. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

166. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

167. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

168. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

169. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful.

170. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek and failed to pay proper overtime wages.

171. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

172. Defendants have not made a good faith effort to comply with the FLSA.

173. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT III
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

174. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

175. At all relevant times, Plaintiff was employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

176. Defendants intentionally failed and/or refused to pay Plaintiff full minimum wages according to the provisions of the Arizona Minimum Wage Statute.

177. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

178. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT IV
## (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUTE)
## (ONLY AGAINST LARUE PERFORMANCE, LLC)

179. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

180. At all relevant times, Plaintiff was employed by LaRue Performance, LLC within the meaning of the Arizona Wage Statute.

181. LaRue Performance, LLC was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

182. LaRue Performance, LLC was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

183. LaRue Performance, LLC failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

184. LaRue Performance, LLC have willfully failed and refused to timely pay wages due to Plaintiff.

185. As a result of LaRue Performance, LLC's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  ii. willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wages;

  iii. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  iv. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  v. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  vi. willfully violated minimum wage provisions of the Arizona Minimum

    Wage Statute, by failing to pay minimum wages

  vii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated or double damages, and / or treble damages, to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b), A.R.S. § 23-364(g), and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

    RESPECTFULLY SUBMITTED August 23, 2021.

          **ZOLDAN LAW GROUP, PLLC**

          By: /s/ Jason Barrat
            14500 N. Northsight Blvd, Suite 133
            Scottsdale, AZ 85260
            Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Natalie Gardner declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Natalie Gardner